UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC D. HOLMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:05-cv-01763-SEB-KMB |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion to Stay and
Dismissing Successive Petition for Writ of Habeas Corpus**

Eric D. Holmes is an Indiana inmate who has been sentenced to death. He brought this petition for writ of habeas corpus in 2005. The Court found that the petition was an unauthorized second or successive petition and dismissed it for lack of jurisdiction. Dkt. 21. The Seventh Circuit reversed and remanded, directing this Court to stay proceedings on the case because Mr. Holmes was incompetent to litigate it. Dkt. 42. In June 2021, following developments in the law, the Court reopened proceedings and directed Mr. Holmes to show cause why this action should not be dismissed for lack of jurisdiction. Mr. Holmes responded with another motion to stay, which the respondent opposes.

**I.     Background**

**A.     Trial and Initial State Proceedings**

Mr. Holmes was found guilty by an Indiana jury of the 1989 murders of Charles Ervin and Theresa Blosl, as well as the attempted murder of Amy Foshee. The jury in Mr. Holmes's case did not reach a unanimous sentencing recommendation. *Holmes v. State*, 671 N.E.2d 841, 845 (Ind. 1996). After the penalty phase of trial, the court sentenced Mr. Holmes to death for the murder of Blosl and to prison terms for his other convictions. *State v. Holmes*, 728 N.E.2d 164, 167

(Ind. 2000). Mr. Holmes unsuccessfully challenged his murder convictions and death sentence in state court on direct appeal and in post-conviction proceedings.

### B.    Initial Habeas Corpus Proceedings

In 2000, Mr. Holmes brought a petition for writ of habeas corpus in the United States District Court for the Southern District of Indiana challenging his convictions and sentences pursuant to 28 U.S.C. § 2254. *Holmes v. Davis*, 1:00-cv-1477-SEB-DML (S.D. Ind.). The Court denied his petition on the merits in September 2004. *See Holmes v. Davis*, 1:00-cv-1477-SEB-DML, dkt. 1 (S.D. Ind. Sept. 2, 2004).

### C.    Successive State Post-Conviction Proceedings

When Mr. Holmes was tried in 1992, "Indiana law clearly authorized the judge to 'override' a jury recommendation if the judge found the statutory aggravating circumstances to outweigh any mitigating circumstances." *Saylor v. Indiana*, 808 N.E.2d 646, 648 (Ind. 2004). In 2002, while Mr. Holmes's original § 2254 petition was pending, Indiana law was changed to remove this authority from the trial court. *Id.* In 2004, the Indiana Supreme Court vacated the death sentence of Benny Saylor, an inmate who was sentenced to death under the prior regime despite a contrary recommendation by the jury. *Saylor*, 808 N.E.2d at 650.[1]

In light of *Saylor*, Mr. Holmes sought leave to file a successive state post-conviction petition. *Holmes v. State*, 820 N.E.2d 136, 138 (Ind. 2005). However, the Indiana Supreme Court

---

[1] The Indiana Supreme Court identified two other inmates who had been sentenced to death in Indiana despite a contrary jury recommendation: William Minnick and Obadyah Ben–Yisrayl. *Saylor*, 808 N.E.2d at 647 n.1. Mr. Minnick's and Mr. Ben-Yisrayl's death sentences were vacated in separate state post-conviction proceedings, and both are now serving terms of years. *See Minnick v. State*, 965 N.E.2d 124, 127−29 (Ind. 2012); *Ben-Yisrayl v. Buss*, 540 F.3d 542, 545 (7th Cir. 2008). The Indiana Supreme Court also identified two inmates who had been sentenced to death without a unanimous recommendation from the jury: Mr. Holmes and Gary Burris. *Saylor*, 808 N.E.2d at 650. Mr. Burris was executed in 1997, before Indiana changed its capital sentencing regime. *See* "A History of Executions in Indiana," Dawn Mitchell, *IndyStar*, Dec. 11, 2019, https://www.indystar.com/story/news/2019/12/11/indiana-executions-full-list-people-executed-since-1897/4357164002/.

denied his request, holding that "Indiana law still authorizes the sentencing judge to impose a death sentence if the jury cannot agree on a sentencing recommendation." *Id.* at 138; *see* Ind. Code. § 35-50-2-9(f) and (g).

### D.  Successive § 2254 Petition and Direction to Stay Proceedings

Upon the Indiana Supreme Court's denial of leave to file a successive post-conviction petition, Mr. Holmes brought a new § 2254 petition in this Court. Dkt. 1. In it, he contended that the Indiana Supreme Court violated his rights to equal protection and due process by declining to modify his sentence as it did for Benny Saylor. Dkt. 2 at 30−48. The Court found that the new petition was an unauthorized second or successive petition and dismissed it for lack of jurisdiction. Dkt. 21.

Mr. Holmes appealed, and it was consolidated with the appeal from the denial of his original § 2254 petition. The United States Court of Appeals for the Seventh Circuit concluded that Mr. Holmes was incompetent to assist in litigating his habeas petitions—or even whether to decide whether to proceed in the litigation at all:

> Holmes testified that his "mental state shouldn't be an issue." If he is competent, he has by that statement seemingly made a choice to go for broke—to obtain a determination from us of the merits of his habeas corpus action rather than allow the proceeding to be suspended until such time as he is restored to sanity (a time that no one expects ever to arrive). We do not think that he is competent to make such a decision.

*Holmes v. Levenhagen*, 600 F.3d 756, 762 (7th Cir. 2010). The Seventh Circuit therefore reversed the district court's judgments and remanded with instructions "to suspend the habeas corpus proceeding unless and until the state provides substantial new evidence that Holmes's psychiatric illness has abated, or its symptoms are sufficiently controlled, to justify the resumption of the proceeding." *Id.* at 763.

### E.     *Ryan v. Gonzales* and Resolution of Original § 2254 Habeas Petition

In 2013, the Supreme Court held that a habeas petitioner who has been sentenced to death has no statutory right to competence during habeas proceedings. *Ryan v. Gonzales*, 568 U.S. 57, 64−73 (2013). The Supreme Court also explained that a district court should not stay proceedings based on a petitioner's incompetence unless (1) "the petitioner's claim could substantially benefit from the petitioner's assistance" and (2) there is "reasonable hope of competence" in the foreseeable future. *Id.* at 76−77.

In light of *Ryan*, this Court granted respondent's motion to lift the stay in Mr. Holmes's original habeas proceedings, reissued the order denying habeas relief, and reissued final judgment. *Holmes v. Davis*, 1:00-cv-1477-SEB-DML, dkt. 138; dkt. 139; dkt. 140 (S.D. Ind. Sept. 26, 2014). The Seventh Circuit affirmed. *Holmes v. Neal*, 816 F.3d at 955.

### F.     Motion to Reinstate Judgment in this Case

Meanwhile, this action remained stayed. In September 2020, the respondent moved this Court to lift the stay and reissue final judgment. Dkt. 58. The Court lifted the stay and directed Mr. Holmes to show cause why the action should not be dismissed for lack of jurisdiction as an unauthorized second or successive petition. Dkt. 61. Mr. Holmes responded by filing duplicate motions to stay proceedings. Dkt. 76; dkt. 79.

## II.     Discussion

### A.     Unauthorized Second or Successive Petition

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a

4

second or successive petition unless the court of appeals has given approval for the filing." *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (cleaned up).

In his petition in this case, Mr. Holmes argues that that the Indiana Supreme Court violated his rights to equal protection and due process by declining to modify his sentence as it did for Benny Saylor. Dkt. 2 at 30−48. Mr. Holmes does not dispute in his motions to stay that his petition is second or successive. Regardless, any such argument would be foreclosed by Seventh Circuit precedent.

The petitioner in *Lambert* argued, just as Mr. Holmes contends here, that "the decision of the Supreme Court of Indiana not to apply to Mr. Lambert's sentence the rule of *Saylor* [. . .], which made retroactive to some death sentences the 2002 amendments to the Indiana death penalty statute, constituted a violation of Mr. Lambert's rights to due process or to equal protection of the laws as guaranteed by the Fourteenth Amendment." 449 F.3d at 776. But he had already challenged the same conviction in another § 2254 proceeding, so the district court dismissed his petition as second or successive, and the Seventh Circuit affirmed. 449 F.3d at 777−78. Mr. Holmes offers no basis for distinguishing *Lambert*, and this Court finds none. The petition is therefore subject to dismissal for lack of jurisdiction.

**B.     Motions to Stay**

Mr. Holmes argues that instead of dismissing the petition for lack of jurisdiction, the Court should stay proceedings to assess his competence and potential intellectual disability.

Counsel represent that Mr. Holmes has directed them to not respond to the Court's show cause order, and they argue that the Court must determine whether Mr. Holmes is competent to make that decision. Dkt. 80 at 2−7. The Court assumes for purposes of this Order that Mr. Holmes remains incompetent to assist counsel in these proceedings. Nevertheless, a stay is not warranted

5

on this basis. Indeed, the Seventh Circuit rejected similar arguments on appeal from the denial of Mr. Holmes's original § 2254 petition. *See Holmes v. Neal*, 14-3359, dkt. 34 (7th Cir.) (appellant's brief) ("Holmes has ordered counsel to drop a meritorious claim at the risk of execution. He remains fixated on the dismissal of charges issue but for the first time has directly sought to eliminate issues from his case. Counsel are now under orders from an incompetent client to not properly litigate his case."). The Seventh Circuit found that such behavior did not warrant a stay. *Holmes v. Neal*, 816 F.3d at 951−52 ("If an incompetent client is giving nonsensical orders to counsel and otherwise acting contrary to his or her own best interests, the sensible judicial response is to appoint a guardian rather than to stay the case ad infinitum. . . . Although no guardian has been appointed to represent Holmes in this appeal, we decline to reinstitute the stay because all his claims can be decided on the basis of the state-court record."). The only issue in this case—whether the petition is an unauthorized second or successive petition—may be resolved as a matter of law. Mr. Holmes's counterproductive instructions to counsel provide no basis to stay the proceedings.

*Second*, counsel argue that Mr. Holmes must be evaluated for intellectual disability because he may have a claim under *Atkins v. Virginia*, 536 U.S. 304 (2002). Dkt. 80 at 7−8. But any such claim would necessarily be brought in a second or successive petition, so Mr. Holmes must seek authorization from the Seventh Circuit before raising the claim in the district court.

### III. Conclusion

Mr. Holmes's motions to stay proceedings, dkt. [76] and dkt. [79], are **denied**. This action is **denied** for lack of subject matter jurisdiction. Final judgment shall now enter.

The **clerk is directed** to substitute Ron Neal as the respondent in this action.

**IT IS SO ORDERED.**

Date: 1/27/2023

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email